# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

BRANDON DONAHUE

VERSUS

SARAH ANN DONAHUE

NO.  2019 CW 1375

**MAR 0 3 2020**

---

In Re:  Sarah Ann Donahue, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, No. 2013-13390.

---

BEFORE:  **WHIPPLE, C.J., GUIDRY AND BURRIS,[1] JJ.**

**WRIT GRANTED WITH ORDER.**  The trial court's ruling denying the Motion to Recuse Trial Judge filed by the defendant, Sarah Donahue, is reversed.  The trial judge's comments that Ms. Donahue will never meet the **Bergeron v. Bergeron**, 492 So.2d 1193 (La. 1986) standard as well as the trial judge's other disparaging comments toward Ms. Donahue reflect bias or prejudice against Ms. Donahue to such an extent that the trial judge would be unable to conduct impartial proceedings.  La. Code Civ. P. art. 151(A)(4).  Accordingly, the trial court abused its discretion in finding no ground for recusal.  The Motion to Recuse Trial Judge is granted, and the trial judge is recused from this matter.  This matter is remanded to the trial court for reassignment to a new judge through the random process of assignment.

**VGW**
**JMG**

**Burris, J.,** concurs.  There is a rather fine line between an indication of bias and statements by a trial judge in a pretrial conference concerning how the judge is leaning and suggesting the best resolution.  See **Rodock v. Pommier**, 2016-809 (La. App. 3d Cir. 2/1/17), 225 So.3d 512, writ denied, 2017-0631 (La. 5/1/17), 221 So.3d 70.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT

---

[1] Judge William J. Burris, retired, serving *pro tempore* by special appointment of the Louisiana Supreme Court.